**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000808
30-JUL-2013
07:57 AM**

NO. CAAP-12-0000808

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

AC, Plaintiff-Appellee,
v.
AC, Defendant-Appellant,
and
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAI'I, Defendant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 11-1-6307)

SUMMARY DISPOSITION ORDER
(By: Reifurth and Ginoza, JJ.
with Nakamura, C.J., dissenting separately)

Defendant-Appellant AC (Mother), appeals from the
"Order Re: Custody[,] Visitation[,] and Support Orders After
Voluntary Establishment of Paternity," (Order Re: Custody) filed
on August 23, 2012, in the Family Court of the First Circuit.[1]
The Order Re: Custody awarded Plaintiff-Appellee AC (Father),
among other things, legal and physical custody of the couple's
Son and Daughter, subject to Mother's rights of reasonable
visitation.

On appeal, Mother contends that the family court erred
by enforcing time limits at trial. Upon careful review of the

---

[1] The Honorable Lanson K. Kupau presided.

record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm the family court's Order Re: Custody.

On appeal, Mother asserts that the family court abused its discretion when it restricted trial to three hours. Although Mother acknowledges that the family court has the authority to set reasonable time limits and control the litigation process, she argues that she was prevented from presenting evidence of family violence, which was "critical testimony bearing upon the best interests of [Son] and [Daughter]."

It is well-established that "courts have inherent equity, supervisory, and administrative powers as well as inherent power to control the litigation process before them." Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawaiʻi 494, 507, 880 P.2d 169, 182 (1994). The court has discretion to control the "mode and order of interrogating witnesses and presenting evidence" and to set reasonable time limits. Doe v. Doe, 98 Hawaiʻi 144, 155, 44 P.3d 1085, 1096 (2002); Hawaii Rules of Evidence (HRE) Rule 611.

Moreover, "the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion." Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006). In addition, it is the province of the family court to rule on the credibility of witnesses and the weight of the evidence. Id.

In custody disputes, the court is guided in its decision-making by the principle of the "best interests of the child." Doe v. Doe, 98 Hawaiʻi at 155, 44 P.3d at 1096. Pursuant to Hawaii Revised Statutes (HRS) § 571-46 (Supp. 2012), the presence of family violence bears upon the court's custody decision:

> In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that family violence has been committed by a parent raises a rebuttable presumption that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of family violence.

HRS § 571-46(a)(9).

At trial, Father testified on his own behalf, presenting no other witnesses. Mother called five witnesses, including herself. An additional five witnesses on her witness list were not called.

Three friends/acquaintances testified that Mother was a good parent. Two of these witnesses also testified that Mother sometimes had bruises on her body, but neither witness testified as to the cause of the bruises.

Mother also called the Custody Evaluator (CE), who had submitted a 26-page custody investigation report and two supplements to the family court. The report and one of the supplemental reports contained extensive information about abuse and family violence alleged by and between Husband, Mother, and Mother's older son. In the report and on the stand, the CE recommended, among other things, that Father be awarded sole legal and physical custody of Son and Daughter, that Father and children be allowed to relocate to the mainland, and that Mother be allowed unsupervised visits.

After having called four of her witnesses, Mother took the stand approximately 25 minutes before trial was scheduled to end. She testified that she believed Father was "very emotionally and physically abusive," and testified that he hit her. She then testified about her care of the children and how they spent their days when they had lived with her. When the family court announced that Mother's counsel had "two minutes left," counsel orally moved for an extension of time. He claimed that each remaining witness "had something to say about domestic

3

violence." The court responded that it had reminded the parties previously of the time constraints and that trial would end at 4:30, but if cross-examination ended early, Mother's counsel could use the remaining time. Mother's counsel continued to question Mother, but did not ask any questions about domestic violence. Father's counsel cross-examined Mother, and at 4:30, the family court announced that "[t]estimony is over." Mother's counsel orally renewed his motion for an extension of time, arguing that "[t]his trial involves complex issues." The court denied the request.

The family court noted that the testimony of Father, Mother, and the CE were important, but that the other three witnesses just took up time and provided no testimony regarding the cause of the alleged bruises on Mother. The court also questioned why the motion to extend time was not brought prior to trial, when additional trial dates could have been scheduled.

In the family court's Findings of Fact and Conclusions of Law, the court found that Father and the CE were credible, but that Mother was not credible.

Mother argues that Doe v. Doe supports her argument that the family court abused its discretion by limiting her time at trial. In Doe v. Doe, the family court limited the custody trial to a half-day. Doe v. Doe, 98 Hawai'i at 146, 44 P.3d at 1087. At trial, the father and four of his witnesses testified. Id. at 147, 44 P.3d at 1088. The mother testified, but when her counsel prepared to call the next witness, the court stated that "time is up." Id. at 147, 44 P.3d at 1088. Closing arguments were presented and the court ruled in favor of the father, awarding him sole legal and physical custody of the child. Id. at 148, 44 P.3d at 1089.

The mother filed a Hawai'i Family Court Rule (HFCR) Rule 59(a) motion for a new trial to take additional testimony

4

from her four witnesses who had not testified due to the time limits. Id. The witnesses' sworn affidavits indicated they had direct personal knowledge of the father's abusive behavior. Id. at 148, 151, 44 P.3d at 1089, 1092. The family court denied the motion and the mother appealed. Id. at 150, 44 P.3d at 1091.

The Hawai'i Supreme Court held that the family court erred when it denied the mother's motion for a new trial because the family court's "ruling resulted in the exclusion of testimony of witnesses bearing upon the issue of family violence and, inferentially, the best interest of Child." Id. at 155, 44 P.3d at 1096. The supreme court noted that "the testimony of Mother's witnesses would have been helpful to resolve the underlying issue of domestic violence raised by Mother[,]" and therefore, the family court abused its discretion by disregarding rules and principles of law when it denied the mother's HFCR Rule 59(a) motion. Id. at 156, 44 P.3d at 1097.

Doe v. Doe is unlike the instant case. In the case before us, Father testified but did not present any other witnesses, whereas in Doe v. Doe, the majority of the time was used in direct and cross-examination of the father's witnesses.

Also, in this case, when the family court warned Mother's counsel that time was running out, counsel did not question Mother regarding any alleged violence, but instead, asked about Son and Daughter's passports, whether Mother intended to remain in the country, and other questions unrelated to the issue of family violence.

In a previous hearing regarding competing petitions for an order of protection, the family court had awarded a protective order for Father against Mother, effective until 2016. Pursuant to HRS § 571-46(a)(9), Mother bore the burden to overcome the rebuttable presumption that Son and Daughter should not be placed in her custody. Doe v. Doe, 98 Hawai'i at 156, 44 P.3d at 1097.

Further, when Mother's counsel requested to extend the time for trial, he provided no offer of proof or specifics as to the type of further testimony that would be expected of Mother or the testimony of Mother's remaining witnesses, only that they had "something to say about domestic violence."  This is unlike in Doe v. Doe, where the mother requested a new trial pursuant to HFCR Rule 59(a), asserting that the witnesses who were not allowed to testify had direct personal knowledge of the father's abusive personality, and submitted affidavits from each of the witnesses describing their proposed testimony which included personal accounts of witnessing the father's assaultive behavior. To the contrary in this case, there was no indication that Mother's remaining witnesses had personal knowledge of Father's alleged assaultive behavior.  Moreover, to the extent that Mother wished to call Officer James Mauer (Officer Mauer) regarding the lack of evidence supporting Husband's abuse allegations against Mother's older son, the custody investigation report already contained this information.[2]  The custody investigation report, which was in evidence, also contained sections documenting interviews with Mother and Father and outlining their respective concerns.

The family court has wide discretion in making its decisions and it is the court's province to rule on the credibility of witnesses and the weight of the evidence.  Fisher, 111 Hawai'i at 46, 137 P.3d at 360.  Under the circumstances presented in this case, the family court did not err when it

---

[2]  The custody investigation report discusses contact with Officer Mauer, who investigated the abuse allegations against Mother's older son, that the doctor who interviewed the parties' children concluded that there were too many inconsistencies in their statements and that they may be repeating stories they heard while in Father's care, that the Prosecutor's office had declined to accept the case, and that the case was closed.

limited the time at trial and denied Mother's oral motion to extend trial.

Therefore,

IT IS HEREBY ORDERED that the "Order Re: Custody[,] Visitation[,] and Support Orders After Voluntary Establishment of Paternity," filed on August 23, 2012, in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 30, 2013.

On the briefs:

M. Cora Avinante
Michael S. Gehrt (pro hac vice)
(Dickstein Shapiro LLP)
for Defendant-Appellant

Michael A. Glenn
for Plaintiff-Appellee

Lawrence M Reifurth

Associate Judge

Associate Judge

7